Hughes vs. The Vinland Fire Insurance Company, etc.

Town Insurance Companies: Pleading. *What facts show liability of company for loss.*

Section 6 of the act authorizing the formation of town insurance companies (ch. 103 of 1872) provides that every member of such a company who may sustain a loss, shall immediately notify its president, who shall forthwith convene the directors, and they shall appoint a committee of members to *ascertain* the amount of the loss; and that, in case of the inability of the parties to agree upon the amount of such damages, the claimant may appeal to the judge of the county court, who shall appoint three disinterested persons as a committee of reference, who shall have full authority to examine witnesses and determine all matters in dispute, and shall make their award in writing, which shall be final. In an action on a policy of such a company, the complaint avers a loss under the policy, due notice thereof to the directors, and a written statement furnished them, verified by the affidavit of the assured, "on all points desired by them relating to the fire and incumbrances on the premises," with demand of payment, and nonpayment. *Held*, on demurrer, that even if the provisions of sec. 6 are valid, still the complaint states a cause of action, although it does not show any proceedings under that section.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice Cole, in his opinion

as originally prepared: "The action is upon a policy of insurance issued by the defendant, a company organized under ch. 103, Laws of 1872, and the laws amendatory thereof. The complaint sets forth the facts in regard to the payment of the premium; the giving of the undertaking under sec. 5 of the act; the issuing and delivery of the policy by the defendant; the description of the property insured; that the plaintiff had an insurable interest therein, and was the owner; its destruction by fire; the amount of loss sustained; and that, immediately after the happening of the fire, the plaintiff gave the defendant due notice of the loss, and subsequently rendered to the defendant and its board of directors a written statement, verified by his affidavit, on all points desired by them relating to the fire and the incumbrances on the premises, and duly demanded payment of the value of the property destroyed. It alleges nonpayment of the loss, and states the amount due on the policy, for which judgment is demanded."

The defenses set up in the answer were, 1. That plaintiff fraudulently set fire to the property.  2. That he was guilty of negligence in respect to extinguishing the fire, constituting a breach of the conditions of the policy.  3. That the loss did not exceed $1,300; that "the loss on said property was duly adjusted, and the damages liquidated, on the 30th of September, 1876, at the sum of $1,400, between the said parties;" and that the fraud and negligence alleged were not known to defendant until after that date.

At the trial, defendant's objection to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action, was sustained, and judgment rendered against the plaintiff, from which he appealed.

*C. W. Felker*, for the appellant, contended, 1.  That if the complaint is defective in failing to allege proceedings under sec. 6 of defendant's charter (ch. 103 of 1872) to adjust the loss, the defect was cured by pleading over (1 Chitty's Pl. (13th Am. ed.), ch. 10, p. 671, and cases there cited; *U. S. v.*

Hughes vs. Vinland Fire Ins. Co.

*Morris*, 10 Wheat., 246), especially as the answer avers an adjustment of the loss; and that, as defendant denies all liability under the policy on other grounds, defendant was not entitled to proofs of loss, nor to the benefit of proceedings to adjust the loss. *McBride v. Ins. Co.*, 30 Wis., 562; *Goldstone v. Osborn*, 2 C. & P., 550. 2. That the complaint was not defective; that if the proceedings prescribed in sec. 6 were never had, that was, at most, strictly defensive matter, of which advantage could be taken only by answer; that, under the statute, the insured has no power to convene the directors, and, as the officers of the company are not public officers, there is no presumption that they have done their duty; and that, under the statute, the insured is not bound to submit to the determination of a committee appointed as there provided, but may resort to the courts for relief: (1) Because this part of the statute is void for uncertainty, a right of appeal being given without any provision for a definite award upon which such appeal can be founded; (2) Because, in case of disagreement between the insured and the first committee, the statute provides that the claimant may appeal, but this cannot fairly be construed to mean that he *must* take this mode of redress (*Cutler v. Howard*, 9 Wis., 309); and (3) Because, if this clause of the statute is compulsory, it attempts to oust the courts of jurisdiction, and compel parties to arbitrate their causes before tribunals not recognized or authorized by the constitution (*Van Slyke v. Ins. Co.*, 39 Wis., 390; 20 Wall., 445–450; *Scott v. Avery*, 5 H. L. Cas., 811; *Cobb v. Ins. Co.*, 6 Gray, 192–204; *Stephenson v. Ins. Co.*, 54 Me., 55; *Hobbs v. Ins. Co.*, 56 id., 421; *Kill v. Hollister*, 1 Wils., 129; *Goldstone v. Osborn, supra; S. C.*, 12 E. C. L., 256; *Thompson v. Charnock*, 8 Durnf. & East, 139); that defendant's undertaking was to pay in case of loss; and that the provisions of sec. 6 are merely collateral to this undertaking, and are simply permissive, and no bar to a suit at law. *Scott v. Ins. Co.*, 1 Bennett's F. Ins. Cas., 118–129.

The cause was submitted for the respondent on the briefs of *Geo. W. Burnell* as his attorney, with *Gabe Bouck*, of counsel. They contended, 1. That the making of the award provided for by sec. 6 of the statute, in case of failure to agree, is a condition precedent to any right of action against the company; that the company is a mutual society, each member of which, when he takes his policy and gives the undertaking prescribed by sec. 5 of the act, agrees in effect to abide by the rules of the society and the provisions of the organic act, and so makes the committee there provided for his *umpire*, and *waives* his right to a jury trial. Brice's *Ultra Vires*, 64; 1 Pin., 667, and cases there cited; *Pratt v. Donovan*, 10 Wis., 378; *Baasen v. Baehr*, 7 id., 516–21; *Darge v. Horicon Iron Co.*, 22 id., 417; *Hudson v. McCartney*, 33 id., 331; *Pres. Canal Co. v. Pa. Coal Co.*, 50 N. Y., 251; *F. L. & T. Co. v. Carroll*, 5 Barb., 613, 649. 2. That the defect in the complaint was not cured by the averment in the answer that the loss was duly adjusted and the damages liquidated; that this could not be construed to mean more than that the loss had been ascertained by a committee appointed by the directors, as provided in the first clause of sec. 6, leaving open all other questions pertaining to the liability of the company, which that committee were not empowered to determine ( *Whipple v. Ins. Co.*, 5 Ins. L. J., 71; *Matthews v. Ins. Co.*, 9 La. An., 590; *Herbert v. Champion*, 1 Campb., 134; *Shepherd v. Chewter*, id., 274; Sansum's Insurance Dig., 90); that the admission must be taken all together, and plaintiff could not avail himself of part of the new matter set up in the answer, for the purpose of making a new case for relief, and reject matter connected therewith tending to a defense ( *Miller v. Avery*, 2 Barb. Ch., 582); and that, if this adjustment be construed to have been different from that provided by the statute, it does not aid the plaintiff, while if it were construed as an award under the statute, it would not aid the complaint, which does not count upon an award liquidating the damages at $1,400,

but seeks to recover the value of the goods, alleged at a larger sum.

COLE, J.   The error complained of in this case is the ruling of the circuit court that the complaint did not state facts sufficient to constitute a cause of action.   The facts stated in the complaint show, we think, a liability on the part of the defendant to pay for the loss.

By the sixth section of the act under which the defendant company was organized (ch. 103 of 1872), it is provided that every member who may sustain a loss shall immediately notify the president of the company, who shall forthwith convene its directors, whose duty it shall be, when so convened, to appoint a committee of not less than three nor more than five members of the company, to *ascertain* the amount of such loss; and, in case of the inability of the parties to agree upon the amount of such damages, the claimant may appeal to the judge of the county court of the county, whose duty it shall be to appoint three disinterested persons as a committee of reference, who shall have full authority to examine witnesses and to determine all matters in dispute, and who shall make their award in writing to the president, which award shall be final.   Now it is objected that the complaint is defective because it does not show that proceedings were had under this section, which, it is said, is a condition precedent to the right of recovery.   We are unable to concur in this view of the matter.   On the argument, grave objections were urged by plaintiff's counsel against the validity of this provision, and it was insisted that it could not be sustained for any purpose or to any extent.   We are not clear that it can be; but that proposition we are not now called upon to decide. For it will be observed that the first committee appointed only have power " to ascertain the amount of such loss."   It acts merely as an adjusting body, but does not settle any matter in dispute, or really touch the question of liability.   The

"committee of reference," so called, have full authority to examine witnesses, to determine all matters in dispute between the parties, and to make an "award" as in case of ordinary arbitration. Possibly, when that proceeding is had, the remedy is on 'the award; but upon that point we express no opinion. But certainly the first committee does not act in the character of an umpire, or perform the duty of an arbitrator. Now the complaint shows that the plaintiff gave to the defendant due notice of the destruction of his property. He rendered to the board of directors a written statement, verified by affidavit, on all points desired by them relating to the fire. The officers of the company had an opportunity to adjust the loss, if they have not done so. And we can really see no more reason for saying that the decision of the adjusting committee must be had or shown before an action can be sustained on the policy, than there would be for holding in any case that the adjustment of the loss by any insurance company was a prerequisite to the right to bring an action. The counsel for the defendant likens the effect of the provision to a stipulation in a building contract where the parties agree to make the decision of an architect final as to the character and value of the work. But it is obvious that the cases are not parallel, and the rules applicable to the one cannot be applied to the other. In the case of the building contract, the architect does act as umpire; but in the case before us the committee first appointed does not act in that character. The officers of the company might themselves ascertain the amount of the loss, without the intervention of any committee. There is nothing to prevent them from doing so.

There is nothing in the complaint which would warrant the assumption that a committee was appointed by the county judge under the second clause of the provision. So that, in any view, we think the complaint sufficient.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings.